FILED: 1/19/2022 4:50 PM
David Trantham
Denton County District Clerk
By: Martha Meza, Deputy

CAUSE NO. 22-0516-431

| | | |
|---|---|---|
| PAPPY'S PET LODGE GROUP, LLC | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | ____th JUDICIAL DISTRICT |
| | § | |
| SENTINEL INSURANCE | § | |
| COMPANY and SHAWN JERNIGAN | § | |
| | § | |
| Defendants. | § | DENTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **PAPPY'S PET LODGE GROUP, LLC**, Plaintiff, and files this, its Original Petition against Defendant, **SENTINEL INSURANCE COMPANY** and **SHAWN JERNIGAN** and for cause of action would respectfully show as follows:

### DISCOVERY CONTROL PLAN LEVEL

1. Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Plaintiff designates this case to proceed under a Level 2 Discovery Control Plan.

### PARTIES AND SERVICE

2. Plaintiff, **PAPPY'S PET LODGE GROUP, LLC**, is a Texas limited liability company.

3. Defendant, **SENTINEL INSURANCE COMPANY**, is an insurance company engaging in the business of insurance in the State of Texas and may be served with process by certified mail by serving its agent for Service, CT Corporation System, at the following address: 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4. Defendant, **SHAWN JERNIGAN**, is an insurance agent engaging in the business of insurance in the State of Texas and may be served with process by certified mail at P.O. Box 14271, Lexington, Kentucky 40512.

## JURISDICTION AND VENUE

5. This court has jurisdiction over this case because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff seeks monetary relief of $250,000 or more.

6. This court has jurisdiction over Defendant Sentinel Insurance because it is an insurance company engaging in the business of insurance in the State of Texas.

7. This court has jurisdiction over Defendant Jernigan because he is an individual residing in the State of Texas.

8. Venue in Denton County, Texas is proper in this case because the insured property is situated in Denton County, Texas.

## FACTS

9. This case is about the unfair, deceptive, and bad-faith denial of covered homeowners' insurance benefits and a breach of the insurer's duty of good faith and fair dealing and numerous violations of the Texas Insurance Code.

10. Plaintiff is the named insured in Sentinel Policy No. 46SBAUK0305 hereinafter referred to as "the Policy." The policy is a replacement cost policy.

11. The insuring agreement covers losses due to windstorm or hail. On May 1, 2021, a severe hail and windstorm tore through the City of Roanoke. Plaintiff's property was in the path of the storm. Thereafter, Plaintiff reported a $425,594.99 claim to Defendant.

12. Defendant dispatched an adjuster to investigate Plaintiff's claim. However, Defendant's adjuster closed the claim absent conducting a reasonable investigation into all the covered damages to the property which constitutes an unfair or deceptive settlement practice with respect to an insurance claim.

13. Here, the adjusters assigned to Plaintiff's claim were placed in a position to help Plaintiff in a time of distress after a devastating storm and it was critically important that they take enough time to properly do their jobs and analyze all the damage to Plaintiff's property. Instead, the

adjusters handled the claim in a manner calculated to construct a pretextual basis for denial or underpayment of Plaintiff's claim.

14. Under a replacement cost policy, the liability limits of the policy and the premium paid by the insured are determined on the basis of the replacement cost of the structure. The value of contractor's overhead and profit, as well as sales tax on building materials, has been included in the limit of liability for which the insured has paid premium. It is settled law that insurers may not deduct, or withhold, contractors' overhead and profit (O&P) and sales tax from an ACV payment. *Tolar v. Allstate Tex. Lloyd's Co.*, 772 F. Supp. 2d 825, 831 (N.D. Tex. 2011). However, Defendant systematically denied prospective contractors' overhead and profit and sales tax on the claim.

15. Defendant Jernigan told Plaintiff that the storm damage was "unrelated to the claim" or cosmetic in nature, when Defendant knew it was caused by the recent hailstorm. This statement was false and Defendant knew it was false at the time it was made. Defendant intentionally misrepresented the terms of the policy in order to deny Plaintiff's claim anticipating that Plaintiff would not bother disputing the "lowball" offer.

16. Under the terms of the Policy, Defendant agreed to do the following after a loss:

> **5. Loss Payment**
> In the event of physical loss or physical damage covered by this policy:
> a. At our option we will either:
> (1) Pay the value of physically lost or physically damaged property, as described in paragraph d. below;
> (2) Pay the cost of repairing or replacing the physically lost or physically damaged property, plus any reduction in value of repaired items;
> (3) Take all or any part of the property at an agreed or appraised value; or
> (4) Repair, rebuild or replace the property with other property of like kind and quality.

17. Defendant breached the loss payment provision by failing to meet contractual deadlines and provide the reasons for denying the claim. Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim after Defendant's liability became reasonably clear. A reasonable objective investigation would have revealed the extensive damage and Plaintiff would have been fully compensated under the terms of the Policy.

18. Together, Defendant set about to deny or underpay a properly covered loss to Plaintiff's detriment.

## FIRST CAUSE OF ACTION
## **BREACH OF CONTRACT**

19. Plaintiff incorporates herein by reference paragraphs 1 through 18.

20. An insurance policy is a contract that establishes the respective rights and obligations to which an insurer and its insured have mutually agreed.

21. An insurance policy, however, is a unique type of contract because an insurer generally has exclusive control over the evaluation, processing, and denial of claims, and it can easily use that control to take advantage of its insured. Because of this inherent "unequal bargaining power," the Texas Supreme Court concluded that the "special relationship" between an insurer and insured justifies the imposition of a common-law duty on insurers to "deal fairly and in good faith with their insureds."[1]

22. Under the terms of policy, Defendant agreed to pay for direct physical loss to property caused by hail or wind. Moreover, Defendant agreed to pay covered losses within 30 days after receiving a sworn statement, but no sworn statement was requested in this case.

23. In the event the claim is denied, Defendant agreed to give the reason for the denial in writing.

---

[1] *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 488 (Tex. 2018).

**Plaintiff's Original Petition**                                                                            Page 4 of 11

24. On September 27, 2021, Plaintiff reported a $425,594.99 claim. When Defendant Jernigan denied the claim, Defendant breached the loss settlement clause in the policy. The proof of loss condition was waived because it was never requested before the claim was denied. To date, Plaintiff has not received any benefits, when the policy required payment by, September 27, 2021, 30 days later.

25. If Plaintiff never repairs or replaces the damaged or destroyed property it's still entitled to actual cash value of the damaged property. Indemnity is the foundation of an insurance policy. The objective is that the insured should neither reap economic gain nor incur a loss if adequately insured. This objective requires that the insured receive a payment equal to that of the covered loss so that the insured will be restored to the same position after the loss as before the loss.

26. The calculation of actual cash value will result in an under-payment if the insurer fails to include all damaged property or deducts prospective contractors' overhead and profit and sales tax in determining the actual cash value in a replacement cost policy. To be sure, "the deduction of prospective contractors' overhead and profit and sales tax in determining the actual cash value under a replacement cost policy is improper, is not a reasonable interpretation of the policy language, and is unfair to insureds."[2]

27. Generally, the objectives of indemnity will be met if actual cash value is calculated as replacement cost with proper deduction for depreciation. There is no situation in which the deduction from replacement cost of general contractors' overhead and profit and/or sales tax on materials will be the correct measure of actual cash value. Under a replacement cost policy, the liability limits of the policy and the premium paid by Plaintiff are determined on the basis of the replacement cost of the structure. The value of contractor's overhead and profit, as well

---

[2] *See* TDI Bulletin No. B-0045-98 available online at the Department's website: http://www.tdi.state.tx.us/bulletins/1998/b-0045-8.html.

as sales tax on building materials, has been included in the limit of liability for which Plaintiff paid for in exchange for insurance coverage.

28. When Defendant, in determining actual cash value, excluded costs that are included in the determination of liability limits, on which Plaintiff's premium was based, it breached the contract because Defendant received premium on insurable values for which it never intended to pay.

29. Plaintiff submitted a valid claim for hail and windstorm damage within the policy period and Defendant breached the contract by denying the claim in violation of the provisions cited above.

30. As a result of Defendant's breach of the insurance contract, Plaintiff has incurred damages of at least $425,594.99 and will continue to incur damages until the entire claim is paid plus attorney's fees.

## SECOND CAUSE OF ACTION
## UNFAIR OR DECEPTIVE ACTS OR TRADE PRATICES

31. Plaintiff incorporates herein by reference paragraphs 1 through 30.

32. Section 541.003 of the Texas Insurance Code provides that a person may not engage in a trade practice that is defined in Chapter 541 as an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

33. Section 541.061 provides that it is an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by: (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. Defendant violated these provisions when it mischaracterized hail damage as "unrelated to the claim", preexisting or cosmetic. These are untrue statements of material fact. This is

also evidence of statements that would mislead a reasonably prudent person to a false conclusion of a material fact that the damage was caused by something other than hail.

34. Section 541.051 prohibits making, issuing, or circulating an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued: the terms of the policy or the benefits or advantages promised by the policy. Defendant violated this provision when it mischaracterized hail damage as "unrelated to the claim", preexisting or cosmetic. Defendants' also failed to provide evidence to support its denial of the claim pursuant to the terms of the policy cited above.

35. Section 541.060 provides that it is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in any of nine categories of unfair settlement practices defined by the statute. The nine categories include (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim where the insurer's liability has become reasonably clear; (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim or offer of compromise settlement; (4) failing within a reasonable time to affirm or deny coverage of a claim or submit a reservation of rights letter; and (7) refusing to pay a claim without conducting a reasonable investigation.

36. Defendant misrepresented a material fact or policy provision relating to coverage at issue when it intentionally mischaracterized hail damage as cosmetic. Defendant promised to cover "direct physical loss" to the property and failed to do so. According to Plaintiff's engineer:

**Conclusions:**

Based on this engineer's observations, gathered data, and experience I have reached the following conclusions:

There are many metal roof panels that show hail impact damage and some of the panels have functional damage because hail impacts have caused a flare at the lapped connection. These damaged panels cannot be repaired but must be replaced. There is denting of the standing seam metal roofs at the flat section and these impacts will accelerate aging of the roof.

37. Defendants' failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim where its liability become reasonably clear. Misrepresenting functional damages as cosmetic to avoid making any payments to Plaintiff is not good faith. It's evidence of conscious disregard of the truth.

38. Further, Defendant failed to promptly provide a reasonable explanation of the basis in the policy for the insurer's denial of a claim and refused to pay a claim without conducting a reasonable investigation.

39. Defendant's scant denial letters provided no explanation for denial of covered damages. Defendant's also advertised goods or services with intent not to sell them as advertised in violation of the DTPA. Defendant's promised to cover "direct physical loss" to the property and never intended to do so. Plaintiff paid its premiums timely and expected to be covered in the event of a storm.

40. Together, Defendant and its agents misrepresented to Plaintiff the cause and extent of damage to the property. As a result of the aforementioned conduct, Plaintiff has incurred damages within the jurisdictional limits of this Court.

### THIRD CAUSE OF ACTION
### BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

41. Plaintiff incorporates herein by reference paragraphs 1 through 40.

42. Under Texas law accompanying every contract is a common law duty to perform with care, skill, reasonable expedience and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a *tort* as well as a breach of contract. This duty of good faith and fair dealing arises out of the special trust relationship between the insured and the insurer.

43. The duty of good faith and fair dealing is thus imposed on the insurer because of the disparity of bargaining power and the exclusive control that the insurer exercises over the processing of claims. A breach of the duty of good faith and fair dealing is established when: (1) there is an absence of a reasonable basis for denying or delaying payment of benefits under the policy and (2) the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim.

44. Here, there was no reasonable basis for denying full benefits for the roof claim.

45. Sentinel orchestrated the investigation in a manner calculated to construct a pretextual basis for denial or underpayment of Plaintiff's claim.

46. A reasonable insurer under similar circumstances would not have delayed or denied Plaintiff's claim. Based on the foregoing facts, Sentinel actually knew or should have known there was no reasonable basis to delay payment.

## FOURTH CAUSE OF ACTION
## BREACH OF THE PROMPT PAYMENT OF CLAIMS ACT

47. Plaintiff incorporates herein by reference paragraphs 1 through 46.

48. Sentinel failed to notify Plaintiff in writing of the acceptance or rejection of his claim, including the reasons for the rejection.[3]

---

[3] TEX. INS. CODE §542.056

Plaintiff's Original Petition                                                                 Page 9 of 11

49. Sentinel did not provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Sentinel's denial of Plaintiff's claim and failed within a reasonable time to affirm or deny coverage of Plaintiff's claim in violation of the Texas Insurance Code.

50. Plaintiff is entitled to the entire amount to restore his home to the same position before the loss plus 10% penalty interest per annum on the amount unreasonably withheld, together with reasonable attorney's fees.[4]

51. The attorney's fees shall be taxed as part of the costs in the case.

## ATTORNEY'S FEES

52. Plaintiff seeks recovery of his reasonable attorney's fees and costs against Defendants in accordance with §38.001 *et seq.* of the Texas Civil Practice and Remedies Code, and §541 *et seq.* and §542 *et seq.* of the Texas Insurance Code.

## CONDITIONS PRECEDENT

53. All conditions precedent to Plaintiff's right of recovery of all causes of action pleaded herein have been performed, have occurred, or been excused.

## JURY DEMAND

54. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial by jury hereof, said Plaintiff recover judgment for actual damages and punitive against Defendants, including penalty interest thereon; that upon a finding that Sentinel or its agents acted knowingly Plaintiff be entitled to recover from Sentinel and its agents additional damages in an amount of up to three times his actual damages; that Plaintiff be awarded reasonable attorney's fees and expenses incurred in obtaining judgment against Defendant and any appeals of this case; and that Plaintiff be granted all

---

[4] TEX. INS. CODE §542.060.
Plaintiff's Original Petition — Page 10 of 11

further relief, either at law or in equity, including punitive or exemplary damages, to which he may show itself justly entitled.

Respectfully submitted,

**CLIFFORD K. NKEYASEN** PLLC
**Attorneys + Counselors**
4310 N. Central Expy, Suite 103
Dallas, TX 75206
Tel: (469) 249-9271
Fax: (469) 249-9113
clifford@coveragedenied.com

By: /s/ *Clifford Nkeyasen*
Clifford K. Nkeyasen
Texas Bar No: 24044876

**ATTORNEYS FOR PLAINTIFF**